*1178 The opinion of the Court was delivered by
Bekmudwz, C. J.
This is an application for a mandamus to compel a District Judge to determine a suit brought before the court over which he presides, and referred by him, for trial, to a,jury.
. The suit is upon promissory notes, secured by a pledge of certain property.
The defense was a general denial. The defendant further alleged that the obligations sued on are not unconditional, that -if an indebtedness ever existed, it was remitted and extinguished by the plaintiffs. - On an ex parte representation that the case offers a. great many issues of fact that appropriately pertain to the province of a jury, the court ordered that a trial by jury be granted.
The present proceeding has for its object to require the District Judge to try the case himself, the suit being one on unconditional obligations to pay specific sums of money, and the defendant not having brought himself within any of the exceptions on which the case can be removed from the court’s docket to that of the jury.
Our right to revise the action of the District Judge in the present proceeding cannot be questioned.
A mandamus is often sought and obtained to set in motion a judicial officer who is unwilling to proceed with the decision of a cause instituted before his court, the plaintiff therein having an absolute right to a determination of his action in the form and manner prescribed by law. 32 An. 542, 597, 774 ; 33 An. 1070) 1096,1351; High on Ex. Rem., §250.
“A distinction is recognized between cases where it is sought by mandamus to control the decision of the inferior court, on the merits of a cause, and cases where it has refused to go into the merits of the action, upon an erroneous construction of some question of law or practice preliminary to the whole case.” High on Ex. Rem., § 151.
The authorities, to which the defendant has called our-attention, are. cases in which the rulings were made at times when the jurisdiction ■of this Court was appellate only. In the exercise of the powers conferred upon it by Article 90 of the present Constitution, this Court feels justified in interfering in the present ease, in which, otherwise, the ruling made might prove a denial of justice. Its appealable character is of no significance.
We think that the District Judge has erroneously determined a question of practice preliminary to the trial of the whole case.
The notes sued upon aro in the stereotyped form in which promissory notes are habitually made. They are, unquestionably, on their face, unconditional obligations to pay specific sums of money. The suit is via ordinaria. The act of pledge, with which the notes are identified *1179 by the notary’s parapb, was not intended to change their character, and did not do so. The question of the quantum of liability of the defendant is purely a matter of evidence.
Tlie defendant does not pretend that his signature to the notes is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want of consideration; neither does he set up a plea of compensation or reconvention. His defense, whatever it be, is unsworn. His oath to answers to interrogatories does not form part of the pleadings and does not cure the omission.
The spirit and letter of the law on this subject are too plain to be misunderstood and misapplied. Under the formal behest of the law, cases of this description '* shall he tried without a jury,” unless the defendant shall make one of the averments stated, verified by his oath. C. P. 494.
It may be that, on the trial of their case, the jury might do the plaintiffs full justice. It is possible, also, that the verdict may go against them for the whole or for part of their demand. It is not improbable that the jury may not agree and, therefore, that such mistrial may postpone injuriously a decision of his case. But those hypotheses have nothing to do in this case.
It is enough that the law provides that such a suit on unconditional obligations to pay specific sums of money shall be tried without a jury, and that the defendant has not brought himself within any of the exceptions in which he might have had it been removed from the Judge’s docket to that of the jury.
The defendant Judge exercised no legal discretion in ordering the trial of the case in a manner unauthorized or forbidden by law. In the absence of a proper technical defense, it was his bounden and unavoidable duty to try the case himself.
The Relators are of right entitled to the relief sought.
It is, therefore, ordered and decreed, that the alternative mandamus herein, issued be made peremptory, as prayed for.